FILED

SEP 2 6 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERATION INTERNATIONALE DE FOOTBALL ASSOCIATION ("FIFA") Hitzigweg 11, 8032 Zurich, Switzerland<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC., One Bowerman Drive, Beaverton, Oregon 97005, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, TORTIOUS INTERFERENCE WITH CONTACT, AND BREACH OF CONTRACT<br>Civil Action No. |

CASE NUMBER  1:03CV02003

JUDGE: Ellen Segal Huvelle

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 09/26/2003

## COMPLAINT

Plaintiff Fédération Internationale de Football Association ("FIFA"), by its

undersigned attorneys, sues Defendant, Nike, Inc., and alleges as follows:

### Parties

1. Plaintiff FIFA is an association governed by Article 60ff of the Swiss

Civil Code, having its principal place of business at Hitzigweg 11, 8032 Zurich,

Switzerland. FIFA is the worldwide governing body of association football (soccer),

whose membership is made up of the national soccer federations of 204 countries. It is

the organizer of the world famous FIFA Women's World Cup soccer tournament, which

is taking place in Washington, D.C. and five (5) other cities in the United States between

September 20 and October 12, 2003.

2. Defendant, Nike Inc. ("Nike") is a corporation organized and existing

under the laws of Oregon and having its principal place of business in Oregon.

Defendant transacts business in the District of Columbia, has sued and been sued in this

jurisdiction, has purposefully availed itself of the benefits and protections of doing

business in this jurisdiction, and has engaged in actions complained of herein infringing

Plaintiff FIFA's rights in this jurisdiction, such that maintenance of this suit is proper in

this jurisdiction.

## NATURE OF THE CASE

3.    This is an action for federal trademark infringement under Section 32 of

the Trademark Act of 1946, as amended, (the "Lanham Act"), 15 U.S.C. § 1114, dilution,

false designation of origin and unfair competition under Sections 43(c) and 43(a) of the

Lanham Act, §§ 1125(c) and 1125 (a), and for common law breach of contract and

tortious interference with contract and prospective economic advantage.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to the

Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* Furthermore, jurisdiction

is proper in this District pursuant to 28 U.S.C. §§ 1331, 1338 (a) by virtue of this action

being a question of federal law arising under the trademark laws of the United States,

United States Title 15.

5.    Venue in this district is proper under 28 U.S.C. § 1391 (b) and 28

U.S.C. § 1391 (b) and 28 U.S.C. § 1400 (a).

## THE FIFA WOMEN'S WORLD CUP

6.    The FIFA Women's World Cup is an international soccer competition

organized under the auspices of Plaintiff FIFA. This competition, which features teams from around the world, culminates every four years in a series of matches in a specific host country. The first FIFA Women's World Cup was held in 1991; two other FIFA Women's World Cup soccer tournaments have followed. In 2003 the fourth FIFA Women's World Cup is currently taking place in six (6) cities throughout the United States, including Washington, D.C.

7. Despite its relative youth, the FIFA Women's World Cup soccer tournament has enjoyed tremendous popularity. The FIFA Women's World Cup enjoyed tremendous success when it was last held in 1999, drawing 1,194,215 spectators to the matches and approximately 40 million television viewers, as well as 90,185 spectators present in person to watch the tournament's final match at the Rose Bowl in Pasadena, the largest number of spectators ever to attend an all-women's sporting event.

8. Plaintiff FIFA is the authorized holder of all right, title and interest in and to trademarks, emblems, symbols, names, terminology and designations connected or associated with the FIFA World Cup and FIFA Women's World Cup soccer tournaments, including the following valid, existing and uncancelled trademark registrations and applications in the United States Patent and Trademark Office:

| Trademark | RegistrationNo. |
|---|---|
| FIFA WORLD CUP | 2,645,052 |
| WORLD CUP | 2,644,871 |
| FIFA | 2,661,401 |
| FIFA (word) | 2,352,934 |
| FIFA WORLD CUP TROPHY | 2,665,107 |

| | |
|---|---|
| WOMEN'S WORLD CUP & Device | 2,317,715 |
| FIFA WORLD CUP And DESIGN | 1,420,790 |
| FAIR PLAY (and device) | 2,200,818 |
| FIFA 2 GLOBES (Devicemark) | 1,990,937 |
| Trademark | ApplicationSerial No. |
| FIFA WOMEN`S WORLD CUP (word) | 76/399,360 |
| FIFA WOMEN`S WORLD CUP CHINA 2003 (word & device) | 76/399,361 |
| USA 2003 (word) | 78/296,522 |
| USA 2003 (word) | 78/296,530 |
| USA 2003 (word) | 78/296,489 |
| 2 GLOBES (devicemark) | 76/412,580 |
| 2002 KOREA JAPAN (& emblem device) | 75/840,889 |
| FOR THE GOOD OF THE GAME (word) | 76/412,581 |
| GERMANY 2006 (& emblem device) | 76/477,510 |
| GERMANY 2006 (& emblem faces device) | 76/477,516 |
| MUNDIAL 2006 (word) | 76/386,072 |
| STYLISED TROPHY SYMBOL (devicemark) | 76/477,511 |

9.   In staging the FIFA World Cup and FIFA Women's World Cup soccer competitions, Plaintiff FIFA, directly and through its marketing arms and local organizing committees, has established a long-term practice of using trademarks and service marks embodying the host country's name and the year of the competition, such as ITALIA 90, USA '94, FRANCE 98, USA 99, KOREA/ JAPAN 2002, CHINA 2003,

GERMANY 2006, and in this case, USA 2003. Defendant Nike, being a signatory to a license agreement with FIFA dated June 18, 2001, is perfectly aware of this, having agreed that it shall not use as its "corporate or other legal name, a trademark, trade name or service mark, for the purpose of identifying with 'FIFA', 'ISL' 'EMPA' or any similar indicia or derivation thereof in any language or any other legal names, trademarks, tradenames or service marks owned by FIFA which shall include for the avoidance of doubt the term 'World Cup' or 'Euro 2000' or 'Japan 2002' or 'Korea 2002' [or] any similar indicia or derivation thereof in any language." Taken as a whole, FIFA has also established a long-standing, broad pattern of adoption, use, ownership and protection of marks directly related to the FIFA Women's World Cup events, including marks that consist of the host country name and the year of the event, such as USA 2003.

10. The FIFA World Cup and FIFA Women's World Cup marks, emblems, symbols, names, terminology and designations protected under the above-referenced trademark registrations or otherwise by law have obtained considerable value and secondary meaning and identify Plaintiff's products and services to the consuming public. The FIFA World Cup and FIFA Women's World Cup marks, emblems, symbols, designs, logos, names, terminology and designations herein referenced are hereinafter referred to as the "FIFA World Cup trademarks."

11. FIFA has used the mark USA 2003 on its websites www.fifa.com and www.fifaworldcup.com, promoting FIFA Women's World Cup services and content. FIFA has also used its FIFA World Cup and FIFA Women's World trademarks and copyrighted designs directly and through its authorized licensees, including FIFA Marketing AG, the United States Soccer Federation, and commercial affiliates, such as

sponsors, contributors and suppliers, who are authorized to use the FIFA World Cup marks on specific products. Authorized use of FIFA World Cup trademarks in advertising, or on goods or merchandise, is intended to signify to the public that goods, apparel, merchandise, products, services or contributions were donated, supplied, furnished, approved, selected or used by Plaintiff. Accordingly, Plaintiff has established a policy and practice of restricting use of FIFA World Cup trademarks to goods and services that are provided by its sponsors and commercial affiliates.

12.   Plaintiff has widely distributed throughout the United States, including this District, authorized and licensed goods and merchandise bearing FIFA World Cup trademarks. The FIFA World Cup marks related to the FIFA Women's World Cup, including USA 2003, are being actively used on goods such as soccer balls and sports clothing, including T-shirts, long-sleeve shirts, sweatshirts, and hats and key chains, distributed by FIFA's commercial affiliates, such as adidas and MasterCard, and in connection with services offered by companies such as Yahoo!. There is a substantial public demand for such goods and services, and as a result of this public demand, authorized goods and services bearing FIFA World Cup trademarks have become valuable commercial properties.

13. Genuine goods and merchandise bearing FIFA World Cup trademarks have been advertised to the purchasing public and to the trades throughout the United States on an extensive and frequent basis through a variety of advertising media, including newspapers, magazines, television, radio and various trade publications.

14. Genuine goods and merchandise bearing FIFA World Cup trademarks, by

reason of their style, design, excellence and quality of workmanship, and by reason of their approval by Plaintiff, have come to be well and favorably known to the purchasing public throughout the United States as representing goods and merchandise of the highest quality and utmost prestige. As a result, the FIFA World Cup trademarks and the goodwill associated therewith are of inestimable value to Plaintiff.

15.   FIFA World Cup trademarks have developed a secondary meaning in the public mind, in that the trade and purchasing public come to know and associate FIFA World Cup trademarks with Plaintiff and the FIFA World Cup and FIFA Women's World Cup soccer competition. The goodwill connected with these FIFA World Cup trademarks controls and determines the long-term viability of Plaintiff's efforts in organizing the FIFA Women's World Cup Tournaments.

### Defendant Nike

16.   Defendant Nike is not an authorized sponsor of the FIFA Women's World Cup. FIFA has not authorized it to use any of the FIFA World Cup trademarks.

17.   Nonetheless, Defendant has long attempted to associate itself and its products with the FIFA World Cup and/or Women's World Cup.

18.   In February 1999, shortly before the 1999 FIFA Women's World Cup, Defendant Nike registered the Internet domain names www.NikeWorldCup.com www.NikeWorldCup.net and www.NikeWorldCup.org.

19.   Nike has used the mark "USA 03" on its website, www.NikeSoccer.com, in connection with sports equipment, sports clothing and sports footwear. Defendant Nike's website depicts images of soccer players from the U.S. Women's National Team

who compete in the 2003 FIFA Women's World Cup, and combines a highly distinctive "USA03" mark with a Nike swoosh mark, thus creating an association between Nike and the 2003 Women's World Cup event. Nike has also run a promotion entitled "Nike and Teen People 12[th] Player Sweepstakes" on its NikeSoccer.com website. The promotion showed images of players from the U.S. Women's National Team and a "USA 03" mark next to a Nike swoosh, thus creating a clear association between Nike and the Women's World Cup event. The promotion referenced the FIFA Women's World Cup in the ticket terms and conditions and either offered tickets to the FIFA Women's World Cup semi-finals in Portland, Oregon, or acted in such a manner to would lead to a reasonable assumption that tickets to the FIFA Women's World Cup were being made available. This is a valuable commercial right which, as Nike is fully aware, is reserved to the official sponsors of the event. Any third party, such as Nike, attempting to sell tickets or offer tickets in promotions will be in breach of the ticket terms and conditions, a fact of which Nike is also fully aware. The overall effect of the promotion was to create a clear association between Nike and the FIFA Women's World Cup, and Defendant Nike has not taken sufficient steps to clarify that its legitimate relationship is with the U.S. Women's National Team and not the FIFA Women's World Cup. Nike has also indicated that it intends to distribute and offer for sale goods bearing the "USA 03" mark in Nike stores and other retail stores throughout the country, except for outside the FIFA Women's World Cup venues.

20. Nike's "USA 03" mark is so similar to FIFA's USA 2003 mark as to be likely to cause confusion. The sense of the term "USA 03" is identical to the FIFA mark "USA 2003" and is likely to be indistinguishable to the ordinary observer. The marks are

also highly similar visually and auditorily. The goods and services with which Nike is associating its "USA 03" mark—sporting goods and sports clothing and footwear—are identical or highly similar to those goods and services for which FIFA uses its USA 2003 mark. The channels of trade and target consumers for Nike are identical or virtually identical to those of FIFA. Furthermore, Defendant Nike is a direct competitor of adidas, a FIFA sponsor that has paid significant consideration to use the FIFA World Cup and FIFA Women's World Cup trademarks.

21. Nike's use of "USA 03" in connection with the the FIFA Women's World Cup has violated and continues to violate FIFA's rights in its line of trademarks comprising the host country and year of the FIFA World Cup and FIFA Women's World Cup events, including USA 2003. Consumers and potential consumers are likely to infer that Nike and its products and services are endorsed by, approved by, affiliated or associated with, FIFA and/or the FIFA Women's World Cup. This likelihood of confusion as to whether Nike is officially associated with the FIFA Women's World Cup is further enhanced by Nike's continued reference to the FIFA Women's World Cup on its website. It is highly likely that consumers would believe that goods or services using the term "USA 03" are somehow associated with, endorsed by, or part of a sponsoring relationship with FIFA, especially where, as here, Nike places its "swoosh" trademark immediately next to the "USA 03" mark. The combination of "USA 03" with the trademark Nike "swoosh" shows that it is being used as a trademark, and that Nike intends it to have trademark significance.

22. In the Summer of 2003, FIFA conducted intellectual property Rights

Protection Program meetings with the United States Soccer Federation, at which they discussed protecting FIFA's rights against infringement by USSF sponsors, such as Nike.

23. In August/September 2003 FIFA expressly reminded Nike, through its counsel, of the exclusive rights of the FIFA authorized commercial affiliates —i.e., sponsors, licensees and suppliers, who have paid for the right to use the FIFA World Cup and FIFA Women's World Cup marks—and of the damaging effects of ambush marketing on the FIFA Women's World Cup and future FIFA events.

24. FIFA has alerted the United State Soccer Federation regarding Defendant Nike's infringing activity on its website www.NikeSoccer.com.

25. Nike's use of the confusingly similar "USA 03" and its association of that mark with the primary Nike symbol are without the consent of FIFA.

26. FIFA has a protectable interest in the trademark USA 2003, and Nike's willful use of the trademark "USA 03" infringes that right. Nike's adoption of the "USA 03" mark, with full knowledge of FIFA's rights in the USA 2003 mark, constitutes willful infringement. Nike has directly associated itself with, and has traded off the goodwill of the FIFA Women's World Cup event.

27. Nike's continued use of the "USA 03" mark, despite FIFA's demand that such infringement cease, confirms the willful nature of Nike's conduct.

28. Defendant Nike's aforesaid conduct is damaging to Plaintiff FIFA, to FIFA's commercial affiliates, and to the consuming public. FIFA depends on its commercial affiliates—i.e., its sponsors, licensees and suppliers-- to provide financial support to FIFA's events. Without the support of the Official Partners, the staging of FIFA events would be all but impossible. Infringement of FIFA's World Cup and FIFA

Women's World Cup marks directly and adversely affects the value FIFA can deliver to its Official Partners, and adversely affects its ability to sustain long-term relationships with its Official Partners, such as adidas, which has paid for rights as an Official Partner of the FIFA Women's World Cup. Consumers, including soccer fans, rely upon FIFA to organize and stage the FIFA World Cup and FIFA Women's World Cup games. They also rely upon FIFA as the source of consistently high quality goods bearing the FIFA World Cup marks.

### FIRST CLAIM
### (Trademark Infringement)

29.   Plaintiff restates and incorporates by reference each and every allegation and claim set forth in the prior paragraphs.

30.   Plaintiff FIFA is the sole owner of the FIFA World Cup trademarks, including "USA 2003," which designates the host country and year of the present Women's World Cup soccer tournament.

31.   Defendant has infringed and will continue to infringe Plaintiff's rights in by using a mark or marks, including "USA 03" that are identical, confusingly similar to, or substantially indistinguishable from the FIFA World Cup trademarks in connection with the sale or offering for sale of goods or services.

32.   Defendant's conduct is knowing, willful and intentional.

33.   The harm caused by Defendant Nike 's conduct is immediate, continuing and irreparable by law.

34.   As a direct and proximate result of Defendant's conduct, Plaintiff has and will sustain a loss.

### SECOND CLAIM

**(Federal Unfair Competition)**

35. Plaintiff incorporates by reference all factual averments set forth in the preceding paragraphs of the Complaint.

36. Defendant's use of Plaintiff FIFA's World Cup and FIFA Women's World Cup Marks in commerce in connection with its services constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or activities by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. At all relevant times, Defendant knew, should have known, or had reason to know of Plaintiff's federal registrations and common law rights in the FIFA World Cup Marks. Defendant has nonetheless willfully undertaken its aforementioned actions in contravention of Plaintiff's rights.

38. Plaintiff has not authorized or licensed Defendant to use Plaintiff's World Cup Marks, or any variation or abbreviation thereof, such as "USA 03", on merchandise or on its web site.

39. Plaintiff has no control over Defendant's use of the World Cup or Women's World Cup Marks, nor over the quality of goods or services Defendant provides. Such uncontrolled use places Plaintiff's marks, reputation, and good will at risk of serious injury and loss of value.

40. The acts of Defendant Nike complained of herein have caused and will

continue to cause irreparable injury to Plaintiff, its name and mark, reputation, and the good will that it has built in the FIFA World Cup Marks.

### THIRD CLAIM
### (Trademark Dilution)

41. Plaintiff restates and incorporates by reference each and every allegation set forth in the prior paragraphs.

42. Plaintiff's FIFA World Cup and FIFA Women's World Cup marks are well-known and world-famous.

43. Defendant's goods, merchandise and website incorporate marks and matter constituting unlicensed and unauthorized copies, replicas, simulations and imitations of the distinctive FIFA World Cup and FIFA Women's World Cup marks. Defendant's actions are an attempt to encroach upon Plaintiff's business by the use of similar trademarks, names, or devices, with the intention of deceiving and misleading the public. As set forth herein Defendant's actions are willful and intentional, dilute Plaintiff's trademarks and injure Plaintiff's business reputation.

44. Defendant's aforesaid conduct lessens the capacity of the famous FIFA World Cup marks to identify and distinguish Plaintiff's goods and services.

45. As a direct and proximate of Defendant's conduct, Plaintiff has and will sustain a loss, and hereby asserts a claim for injunctive and monetary relief, including actual and punitive damages.

### FOURTH CLAIM
### (False Suggestion of Connection With An Institution)

46. Plaintiff restates and incorporates by reference each and every allegation set forth in the prior paragraphs.

47.  FIFA's federally registered FIFA World Cup Marks point uniquely and unmistakably to Plaintiff FIFA, the institution responsible for the FIFA World Cup and FIFA Women's World Cup.

48.  Defendant Nike, through the use of the FIFA World Cup Marks or variations thereof in its web site and merchandise, has sought to engender a false association or connection with FIFA in the minds of consumers as to the origin of its goods and services.

49.  Defendant Nike, through the use of the FIFA World Cup Marks or variations thereof in its web site and merchandise, has evinced an intent to trade upon the good will generated by FIFA.

50.  Defendant's use of the World Cup Marks falsely suggests a connection with an institution under Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a).

51.  By reason of the foregoing, Plaintiff seeks relief under Section 2(a) of the Lanham Act.

### FIFTH CLAIM
### (Breach of Contract)

**52.**  Plaintiff restates and incorporates by reference each and every allegation set forth in the prior paragraphs.

**53.**  Plaintiff FIFA and Defendant Nike entered into a contract, called the FIFA Quality Concept License Agreement on or about June 18, 2001 licensing Nike to manufacture, distribute and sell soccer balls bearing FIFA marks under certain terms and conditions.

**54.**  The license granted in the aforesaid contract is scheduled to terminate on September 30, 2003.

**55.** The aforesaid contract between FIFA and Nike contains a clause (¶10.5) which requires that Nike "shall not use as their corporate or other legal name, or a trademark, trade name or service mark, for the purpose of identifying with "FIFA", "ISL", "EMPA" or any similar indicia of derivation thereof in any language or any other legal names, trademarks, tradenames or service marks owned by FIFA or Licensor which shall include for the avoidance of any doubt the term "World Cup" or "Euro 2000" or "Japan 2002" or "Korea 2002" [or] any similar indicia or derivation thereof in any language."

**56.** Defendant Nike has breached the aforesaid contract by using "USA 03", which is a derivation of a FIFA trademark, "USA 2003".

**57.** By reason of Defendant Nike's breach of contract, Plaintiff FIFA has suffered loss.

## SIXTH CLAIM
**(Tortious Interference with Prospective Economic Advantage)**

**58.** Plaintiff restates and incorporates by reference each and every allegation set forth in the prior paragraphs.

59. Plaintiff FIFA enjoys and relies upon its business relationships with its Commercial affiliates, and with its customers—the soccer fans who purchase merchandise bearing the FIFA World Cup trademarks. FIFA's commercial affiliates have provided compensation to FIFA in exchange for the exclusive right to use the FIFA World Cup Marks in connection with the sale and offering of their goods and services. FIFA's customers, the soccer fans, purchase products bearing the FIFA World Cup

with the sale or offering for sale of goods and services. The FIFA Quality Concept License Agreement with Nike on or about June 18, 2001 expressly placed Nike on notice that FIFA places great value on its host country and year trademarks, and prohibits any unlicensed party from using any derivation of those trademarks.

67. Defendant has knowingly and intentionally interfered with the contractual relationship between Plaintiff FIFA and its authorized sponsors, licensees and distributors, which have provided compensation in exchange for the exclusive right to use the FIFA World Cup Marks in connection with the sale and offering of their goods and services. In particular, FIFA's contract (the Organizing Association Agreement) with the United States Soccer Federation states the following: "The Organising Association shall not do anything or allow anything to be done, whereby (a) any person other than a Commercial Affiliate is entitled to claim an association with the Championship, (b) any products or services other than the products or services of any Commercial Affiliate become so associated, or (c) any such entity, products or services may reasonably be viewed by the public as being so associated. In this regard the Organising Association acknowledges that the proximity of the Organising Association and the Team of the Host Country is such that any association between the two during the term of the Agreement may reasonably be viewed by the public as constituting an association with the Championship." By interfering with the contractual relationship between Plaintiff FIFA and the United States Soccer Federation, Defendant Nike has placed the United States Soccer Federation in breach of its agreement with FIFA.

68. Defendant Nike's aforesaid actions undermine the value of Plaintiff

FIFA's World Cup trademarks, to the detriment of Plaintiff FIFA and its sponsors, licensees and suppliers. The authorized sponsors, licensees and distributors are being denied the exclusive right to use the FIFA World Cup Marks as promised in the contractual agreements between them and Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Fédération Internationale de Football Association (FIFA), requests the following relief in its favor and against Defendant, Nike, Inc.:

A. A temporary restraining order, preliminary injunction and permanent injunction enjoining Defendant Nike, Inc., its agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations in active concert or participation with Defendant, from:

(1) using, reproducing, manufacturing, advertising, selling, offering for sale or distributing any goods or merchandise which picture, reproduce, or utilize FIFA World Cup trademarks, such as "USA 2003",or any variations thereof, such as "USA 03", or "USA '03", in conjunction with soccer, soccer-related goods or services, or the FIFA Women's World Cup;

(2) applying FIFA World Cup trademarks, such as "USA 2003" or any variation, reproduction, copy or colorable imitation of the same, including "USA 03" or "USA '03", to any label, sign, print, package, wrapper, receptacle or advertisement used in connection with the manufacture, distribution, sale or offering for sale of any goods, apparel, merchandise or products;

(3) using any simulation, reproduction, counterfeit, copy or colorable

imitation of any FIFA World Cup trademarks, including "USA 2003",

"USA 03", or "USA '03" or any variation in connection with any Internet

website, promotion, advertisement, display, marketing sale, offering for

sale, manufacture, production, importation, exportation or distribution of

any goods, apparel, merchandise or products in the United States; or

which relate, connect, associated or tend to relate, connect or associate

such goods, apparel, merchandise or products in any way to Plaintiff, the

FIFA World Cup or FIFA Women's World Cup soccer competitions, or

any supplier or distributor of authentic FIFA World Cup goods, apparel,

merchandise or products authorized or licensed by Plaintiff, or to any

goods, apparel, merchandise or products sold, manufactured, sponsored,

approved by or connected with any FIFA World Cup organization or

related company;

(4) using any trademark, trade name, logo or design that tends falsely to

represent, or is likely to confuse, mislead or deceive purchasers,

Defendant's customers or members of the public that the unauthorized

goods, apparel, merchandise or products manufactured, distributed,

advertised, sold or offered for sale by Defendant originate from Plaintiff

FIFA, or that said goods, apparel, merchandise or products are sponsored,

approved, licensed, associated, connected or affiliated with Plaintiff or the

official FIFA World Cup soccer competition;

(5) engaging in any conduct that tends falsely to represent, or is likely

to confuse, mislead or deceive purchasers, Defendant's customers or members of the public that the actions of Defendant Nike, Inc. are sponsored, approved, licensed, connected or affiliated with Plaintiff FIFA or the official FIFA Women's World Cup soccer competition;

(6) affixing, applying, annexing or using in connection with the manufacture, distribution, advertising, sale, offering for sale or other use of any goods, apparel, merchandise or products, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods, apparel, merchandise or products as being those of Plaintiff or any official FIFA World Cup organization or company;

(7) otherwise competing unfairly with Plaintiff;

B.   An order Awarding damages in the amount or amounts of Defendant's profits and the actual damages sustained by Plaintiff, plus Plaintiff's attorneys' fees and expenses; and

C.   Such other and further relief as the Court may deem just and proper.


DATED:      September 26, 2003




By: _____
James L. Bikoff (D.C. Bar No. 209023)
David K. Heasley (D.C. Bar No. 375636)
Georgetown Place, Suite 120
1101 30th Street, N.W.
Washington, D.C. 20007

Phone:    (202) 944-3300
Facsimile:   (202) 944-3306

*Attorneys for Plaintiff*
Federation Internationale De Football Association (FIFA)

## Verification

I solemnly declare and affirm under penalties of perjury as authorized agent and representative of Federation Internationale de Football Association (FIFA) that the matters and facts contained in this Complaint are true and correct.

Federation Internationale de Football Association (FIFA)

By: _____

Title: _____Head of Legal Affairs_____

Executed on: _____25 September 2003_____